## 10417

### SUMMERTON LIVE STOCK CO. v. CLEVELAND MFG. CO. ET AL.

#### (103 S. E. 516.)

1. FRAUDULENT CONVEYANCES—DEED BY MORTGAGOR TO MORTGAGEE VOID IF MADE WITH FRAUDULENT INTENT.—If a deed for mortgaged mules was executed by the mortgagor to the mortgagee with the intent to defraud a third person furnishing feed for the mules, it was void.

2. APPEAL AND ERROR—CONCLUSION OF REFEREE AND COURT NOT MANIFESTLY WRONG SUSTAINED.—The conclusion of a referee and the Court approving the report of a referee will be sustained on appeal, if not manifestly wrong.

3. FRAUDULENT CONVEYANCES—BULK SALES LAW INAPPLICABLE TO SALE OF MULES.—Civ. Code 1912, sec. 2334, which undertakes to regulate the sale of an entire stock in trade, refers to the sale of merchandise by a merchant, and does not apply to a sale of mules owned by one engaged in logging.

4. ATTACHMENT—OWNER HELD LIABLE FOR FEEDING OF ANIMALS UNLAWFULLY TAKEN BY OFFICERS.—When a person's property is taken from his possession by the unlawful act of an officer, he is not liable to pay for the keep of such property in the interim, but where mules were wrongfully taken by an officer, a company which furnished feed with the consent of the owner was entitled to recover compensation therefor from the owner.

Before WILSON, J., Clarendon, December 27, 1917. Affirmed.

Action by the Summerton Live Stock Co. against the Cleveland Manufacturing Co. and W. M. Early. From judgment for plaintiff, both plaintiff and defendant appeal. For former appeal see 111 S. C. 154.

*Mr. J. J. Cantey,* for the Summerton Live Stock Co., cites: *Early having no interest in property attached could not move to dissolve attachment:* 98 S. C. 1. *Nor is previous decision of this Court on this point res judicata:* 102 S. C. 510. *Doutful if the Cleveland Co. has any right to move to dissolve attachment:* Code Proc., sec. 287; 25 S. C. 267; 53 S. C. 110. *Cleveland Company having intervened and interposed a demurrer S. C. Courts acquired jurisdiction:* 71 S. C. 413; 80 S. C. 84. *And having answered second amended complaint has waived any objection and such amendment being within discretion of the Court:* 69 S. C. 229; 106 S. C. 513. *Find after seizure is damage recoverable under general allegation:* 91 S. C. 329. *And is continuing damage:* 102 S. C. 453; 104 S. C. 408. *Cleveland Company cannot raise question of defective bond:* Code Proc., sec. 287; 53 S. C. 110; 2 R. C. L. "Attachment." *Cleveland Company liable for feed after date of its deed to the mules:* R. C. L. "Contracts," p. 537. *Sale subject to sec. 2434, 1 Civ. Code. Fraudulent grantee of fraudulent grantor liable to bona fide credit or to extent of value of property granted:* R. C. L. "Fraudulent Conveyances," p. 147-8; 97 S. C. 33; 28 R. A. 1433. *Facts show fraud and collusion:* 103 S. C. 392. *Cleveland Company liable for whole amount:* 98 S. C. 362.

*Mr. M. W. Seabrook,* for the Cleveland Mfg. Co., cites: *Attachment void as to Early (111 S. C. 154) is void as to other defendant:* 53 S. C. 106. *Cleveland Company appeared only to object to jurisdiction, and waived nothing:* 31 Stats. 55. *Item of $210 incurred pendente lite not binding on Cleveland Company:* 14 S. C. 434; 12 Rich. 378; 1

C. J. 1148. *At common law livery stable keeper had no
lien without special agreement:* 25 Cyc. 1507; 139 Mass.
126; 64 Minn. 375; 11 Barb. 41; 21 Misc. 686; 47 N. Y.
Supp. 1083; E. D. Smith (N. Y.) 7. *Law case, and find-
ings of fact cannot be reviewed:* 69 S. C. 520; 71 S. C. 127.
*Sec. 2434, 1 Civ. Code not applicable.*

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE
GAGE.

The appeal is from a formal order of the Circuit Court
which affirmed the report of a referee.

The issues tried by the referee were both of law and fact,
and they arise out of a controversy between the Summerton
Live Stock Company, a domestic corporation engaged in the
business of keeping a stable, and the Cleveland Manufactur-
ing Company, a North Carolina corporation, engaged in the
business of manufacturing wood veneer out of poplar logs,
all in Clarendon county, of this State.

The substance of the controversy is the keep of six mules,
which keep is alleged to have started early in 1917 and con-
tinued up to December 16, 1917, and is alleged to be worth
the lump sum of $648.02.

The mules were stabled with the Summerton Company
by one Early, a party named in the action, but not served,
and now, of course, out of the case.

The mules were used in the logging business, and the
Summerton Company thought they were Early's mules.

It turned out that the Cleveland Company had a mortgage
on the mules throughout 1917, and on December 6, 1917, it
took from Early a deed of conveyance to the mules.

There were many special proceedings and motions had
and made in the case before issue was joined before the
referee; but they have faded out of view and call for no
comment.

The plaintiff does not deny that, if it gave credit to Early alone throughout 1917, then the Cleveland Company is not liable therefor.

The plaintiff, however, alleges that throughout 1917 the Cleveland Company was conscious of the keep of the mules by the plaintiff, and that it acquiesced therein, that it benefited thereby, and that it is, therefore, liable in law to pay for the keep.

The referee did not consider those issues, but there is no testimony to sustain the allegation. The manager of the plaintiff testified that he "did not know that the Cleveland Company had anything to do with the conducting the business of Early." And another witness for the plaintiff testified that he made the sale to Early, and he thought Early was in the business for himself.

The plaintiff further alleges that the deed was executed with a fraudulent intent harbored by the grantor and grantee. If that be so, then the deed is void, although by the express words of the printed brief the plaintiff's counsel does not ask that the deed shall be set aside.

There is testimony pro and con upon the issue of fraud and the conclusion of the referee, and the Court thereabout is not manifestly wrong, so that we shall sustain it.

The plaintiff further contends that the deed of December 6th is governed by section 2434 of the Code of Laws, which undertakes to regulate the sale of an entire stock in trade. But that statute expressly refers to the sale of merchandise by a merchant; and the instant transaction was not of that character.

There is no ground, therefore, upon which we can relieve the plaintiff who has fallen into manifestly hard straits

The Cleveland Company has made three exceptions; but the first and second are now of no consequence, for they refer to interlocutory orders not now of substance.

The third exception, split into A and B, is directed first to the allowance by the Court of $71.50, the price of feed supplied to the mules after December 7, 1917, on which day the Cleveland Company took a deed to them.

It is true that, when a person's property is taken from his possession by the unlawful act of an officer, then the person is not liable to pay for the keep of such property in the interim.

But in the instant case the confessed servant of the Cleveland Company had talked with the stable people about the keep, from which the Court was warranted to find that the keep was supplied with the consent of the Cleveland Company. We shall, therefore, not disturb the decree in that particular.

The other fraction, B, of the third exception is directed to an item of $210 which the referee and Court found represented the feed bill and stable hire incurred between December 16, 1917, and January 20, 1918.

The significance of these two dates lies in the circumstance that on the former date the Summerton Company procured to be seized the mules under a writ of attachment in an action then commenced by the Summerton Company against Early to enforce its present right, and in the other circumstance that on the latter date the Cleveland Company (which had meantime intervened to claim its own) took back the mules into its own possession by the execution of a bond pursuant to an order of the Court.

There was no finding that the Cleveland Company was due to pay this item of $210. All that was found was that so much was owing to Early for the keep of the mules in the interim betwixt the dates named.

The referee merely expressed the opinion (affirmed by the Court) that the issue of who should be liable to pay this $210 was not before him, but should be reserved until the costs should be taxed.

The Cleveland Company, by the exception B, presses for its present acquittance to pay this item. That company is entitled to so much. The complaint only put in issue the feed bill from Early in 1917 to December 16, 1917 (paragraph 3, first cause of action, and paragraph 3, second cause of action).

The judgment of the Court which finds that the Cleveland Company is liable to pay $71.50 is affirmed.